Robert W. Payne (Bar No. 073901)
Nicole A. Smith (Bar No. 243823)
LaRiviere, Grubman & Payne, LLP
19 Upper Ragsdale Drive, Suite 200
P.O. Box 3140
Monterey, CA 93940
831-649-8800
Fax: 831-649-8835
Email: rpayne@lgpatlaw.com
       nsmith@lgpatlaw.com

Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MONSTER DADDY, LLC, a corporation, and DOES ONE through TWENTY inclusive,<br><br>Defendant. | Case No. C 3:07-cv-03272-SI<br><br>**SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

UNDUE HARDSHIP STATEMENT

Plaintiff, Monster Cable Products, Inc., filed this Separate Case Management Conference Statement as it has been unable to obtain consent to our proposed Joint Case Management Conference Statement from Defendants. It is important to note that Defendants have terminated their prior counsel and are working **without any attorneys**. In addition, Monster Cable notes that neither an answer nor counterclaim have been filed in this case by Defendants. No attorneys have appeared on behalf of the Defendants.

Both parties are communicating and the dates proposed in this Separate Case Management Conference Statement should give Defendants ample time to retain counsel and file the needed documents for litigation. In addition, both parties are in settlement discussions at this time.

SEPARATE CASE MANAGEMENT STATEMENT

Pursuant to Civil Local Rule 16-9 and the Standing Order for all judges of the Northern District of California, the Joint Case Management Statement below contains the contents required as of March 1, 2007.

1. Jurisdiction and Service:

   a) This action arises under 15 U.S.C. § 1114 et seq. and 28 U.S.C. §§ 1331 and 1338. Jurisdiction is therefore proper under 28 U.S.C. §§1331.

   b) This Court has personal jurisdiction over Defendants, which are located within and doing business in the State of California and this District. Venue is proper in this Court under 28 U.S.C. § 1391 (b) and (c).

   c) Service has been accepted by the opposing party.

2. Facts:

Facts Not In Dispute

On or about June 12, 2007, Defendant's former counsel sent a threatening ultimatum letter to Plaintiff's counsel, received in the Northern District of California, accusing Plaintiff of having fraudulently registered one or more "Monster" trademarks. The letter threatens to file suit or otherwise to proceed officially to seek cancellation of all such registrations. As a result of Defendant's accusations in the ultimatum letter of said date, Plaintiff filed for declaratory judgment on June 21, 2007.

Facts in Dispute

   a) Monster has not fraudulently sought to register any trademark and has diligently sought to correct existing registrations to accurately reflect correct

usage of the marks in question. Defendant has made such accusations in bad faith.

b)  There is an actual and continuing justiciable controversy within this district between Plaintiff and Defendant as to Plaintiff's right to threaten or maintain suit for cancellation of one or more of said aforementioned trademarks, and as to the scope and viability of said registrations.

c)  Whether Monster has suffered any damages as the result of any acts for which Monster Daddy is legally liable.

The factual issues set forth above are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties.

3.  Legal Issues:

None of the material legal allegations of Monster Cable's complaint have been denied by Monster Daddy because no answer has been filed. The counts alleged by Monster are as follows: a) Violation of the Lanham Act within the meaning of 15 U.S.C. §1114; and b) The case at bar is an "exceptional case" within the meaning of 35 U.S.C. §285 and Monster Cable seeks costs and reasonable attorney's fees incurred.

The legal issues set forth above are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties.

4.  Motions:

There are no motions currently on file.

5.  Amendment of Pleadings:

There are no current plans for the amendment of pleadings. The proposed deadline to amend pleadings is September 21, 2008.

//

6. <u>Evidence Preservation</u>:

Plaintiff Monster Cable has instructed its employees to preserve all evidence related to the litigation, suspended any document destruction program that may destroy relevant evidence, and have ceased erasure of related emails, voicemails, and other electronic material.

7. <u>Disclosures</u>:

Pursuant to Fed. R. Civ. P. 26(1) (1) & Civil L.R. 16-9, the initial disclosure deadline will be March 23, 2008.

8. <u>Discovery</u>:

As of October 25, 2007, no discovery has been taken. Monster Cable anticipates taking adequate discovery in order to determine the full scope of facts and issues. Monster Cable believes the discovery limits of the Federal Rules of Civil Procedure are sufficient limitation to the discovery of the case at bar.

Monster Cable proposes the following discovery plan:

<u>DISCOVERY PLAN</u>

| | | |
|---|---|---|
| a) | Completion of non-expert discovery | September 21, 2008 |
| b) | Joint disclosure of experts & reports | November 19, 2008 |
| c) | Close of expert discovery | January 18, 2009 |
| d) | Last day to file dispositive motions | March 10, 2009 |

9. <u>Class Actions</u>:

This is not a class action case.

10. <u>Related Cases</u>:

There are no related Lanham Act trademark proceedings pending.

11. <u>Relief</u>:

Plaintiff, Monster, seeks injunctive relief and damages for wrongful profits sustained by Monster Daddy as well as attorneys fees and costs. Defendant, Monster Daddy, has not yet filed an answer or counterclaim.

//

12. <u>Settlement and ADR:</u>

Plaintiff would agree to private mediation and requests a deadline of May 31, 2008, to complete the mediation.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Parties do not consent to referral to a magistrate judge.

14. <u>Other References:</u>

This case is <u>not</u> suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

Monster Cable is unaware of any issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial. Thus Plaintiff does not request any bifurcation of issues, claims, or defenses.

16. <u>Expedited Schedule:</u>

Monster Cable does believe that this is the type of case that need be handled on an expedited basis, but propose instead an early mediation date and the following proposed scheduling plan to aid in the expedited resolution of the case.

17. <u>Scheduling:</u>

Monster Cable proposes the following scheduling plan:

### PROPOSED SCHEDULING PLAN

| | |
|---|---|
| New parties/ amendments: | September 21, 2008 |
| Completion of other non-expert discovery: | November 19, 2008 |
| Joint disclosure of experts/reports: | December 19, 2008 |
| Close of expert discovery: | January 18, 2009 |
| Last day to file dispositive motions: | March 10, 2009 |
| Pretrial conference: | April 25, 2009 |
| Last day to complete mediation: | May 31, 2008 |

//

17. Trial:

Plaintiff, Monster Cable, has requested a jury trial and expects a trial of seven (7) days. Plaintiff suggests a trial date of May 5, 2009.

18. Disclosure of Non-party Interested Entities or Persons:

Neither party has filed a "Certification of Interested Entities or Persons" and Plaintiff has no knowledge of any other persons, firms partnerships, corporations (including parent corporations) or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**SIGNATURE AND CERTIFICATION BY PARTIES AND COUNSEL**

Pursuant to Civil L.R. 16-8, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: October 26, 2007

LARIVIERE, GRUBMAN & PAYNE, LLP

By: /s/ Nicole A. Smith
Robert W. Payne
Nicole A. Smith
Attorneys for Defendant
MONSTER CABLE
PRODUCTS, INC.

**IT IS SO ORDERED.**

Dated: _____

_____
Susan Illston
United States District Court Judge

Case No. C 3:07-cv-03272-SI
SEPARATE CASE MANAGEMENT CONFERENCE
STATEMENT AND [PROPOSED] ORDER

6